UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MICHAEL A. FISHER, Plaintiff, | ) | CASE NO. 1:14 CV 2807 |
| v. | ) | JUDGE DAN AARON POLSTER |
| DR. AKINS, et al., Defendants. | ) | MEMORANDUM OF OPINION AND ORDER |

On December 22, 2014, Plaintiff *pro se* Michael A. Fisher, formerly an inmate at the Lake Erie Correctional Institution ("LaECI"), filed the above-captioned *in forma pauperis* action under 42 U.S.C. § 1983 against Defendants LaECI Dr. Akins, LaECI Health Care Administrator Linda Gillespie, and LaECI Institutional Inspector Mr. Sackett. Plaintiff asserts he was subjected to cruel and unusual punishment in violation of the Eighth Amendment.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*,

99 F.3d 194, 197 (6th Cir. 1996).

Plaintiff alleges in the Complaint that he became sick at LaECI on November 7, 2014, and sought medical assistance from LaECI staff. His vital signs were taken and he was "placed in the back," where he was not monitored. After about an hour and a half, he began throwing up, sweating and experiencing chest pain. Dr. Akins prescribed Nitroglycerin. An emergency squad was called and Plaintiff was taken to University Hospitals/Geauga Medical Center.

Plaintiff further alleges that after he was admitted to the hospital, Ms. Gillespie phoned his room several times. In addition, she asked correctional officers who were watching him to provide her phone number to the attending nurse. Finally, Plaintiff alleges he is suffering knee pain, and was diagnosed with a torn meniscus while at the hospital. Follow-up treatment for his knee will be at a different facility.

Even construing the Complaint liberally, Plaintiff fails to state a valid claim for relief. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate Eighth Amendment protections. *Hudson v. McMillian*, 503 U.S. 1,9 (1992). Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff has not provided allegations reasonably suggesting Defendants might have acted with a sufficiently culpable mental state to justify a finding of liability under the Eighth

Amendment. An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Id.* at 837. Mere negligence will not suffice. *Id.* at 835-36. Consequently, allegations of medical malpractice, negligent diagnosis, or negligent treatment fail to state an Eighth Amendment claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The facts Plaintiff sets forth simply do not describe conduct of any of the Defendants which arguably rose to the level of a constitutional violation.

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

1 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

PL-2 (7/96) N.D. OHIO

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

# INSTRUCTIONS FOR PAYMENT OF PRISONER FILING FEE AND SUBSEQUENT INSTALLMENT PAYMENTS

---

The prisoner shown as the plaintiff on the attached order has filed a civil action in forma pauperis in this court and owes the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

> The initial partial fee listed on the attached order, **IF ANY**, should be deducted by the prison cashier's office from the prisoner's account, when funds are available therein, until the initial partial fee is paid. A check (or checks) in the appropriate amount(s) should be attached to a form like that accompanying these instructions and sent to the address indicated below.
>
> Following the payment of the initial partial fee, **IF ANY**, and continuing thereafter until the full fee has been paid, monthly payments of 20% of the preceding month's income credited to the prisoner's account should be deducted and forwarded to the court each time the amount in the account exceeds $10.

If the prisoner has filed more than one complaint in this district, (s)he is required to pay a fee in each case. The prison cashier's office shall make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis status and these instructions. **The prisoner's name and case number must be noted on each remittance.**

Checks are to be made payable to:

**Clerk, U.S. District Court**

Checks are to be sent to:

**Prisoner Accounts Receivable**
**Carl B. Stokes U.S. Courthouse**
**801 W. Superior Avenue**
**Cleveland, Ohio 44113-1830**